IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JERRY DON CLARK #575402 | § | |
| v. | § | CIVIL ACTION NO. 9:05cv208 |
| DR. GLENDA ADAMS | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jerry Don Clark, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

An evidentiary hearing was conducted on January 26, 2006. At this hearing, Clark testified that he has an increasingly large bilateral hernia, for which he initially received ibuprofen for pain, but then received a truss after some three months of complaining. He saw Dr. Glenda Adams, the sole named Defendant, on one occasion, July 25, 2005; at this time, Dr. Adams determined that the surgery was elective and decided not to refer him for surgery. Medical records also showed that Clark had a work restriction prohibiting him from lifting over ten pounds.

After review of Clark's testimony and complaint, as well as the medical records in the case, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that to prevail, Clark must show that Dr. Adams acted with deliberate indifference to his serious medical needs, a standard which the Fifth Circuit has described as "extremely high." Domino v. TDCJ-CID, 239 F.3d 752, 756 (5th Cir. 2000). In this case, however, the Magistrate Judge concluded that Clark was challenging Dr. Adams' medical judgment that the hernia surgery

1

desired by Clark was elective. As stated by the Magistrate Judge, disagreement with the treatment received, or claims of malpractice or negligence, are not sufficient to rise to a level of constitutional dimensions. *See* Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). Consequently, the Magistrate Judge recommended that the lawsuit be dismissed.

Clark filed objections to the Magistrate Judge's Report on April 6. 2006. In his objections, Clark first complains that the Magistrate Judge did not give a "full rendition" of the testimony at the evidentiary hearing and objected to the acceptance of entries in the medical records. Specifically, he says that his hernia has not been "easily reduced" and that when he attempted to submit requests for medical care, these were returned to him with the notation that he had already been seen.

Next, after quoting passages from the Report, Clark asserts that the Magistrate Judge did not measure Dr. Adams' judgment against his, Clark's, actual medical condition. He concedes that his hernia is in fact reducible, meaning that the protruding tissue can be pushed back into place, but says that it is "so painful or debilitating that surgery is required." He says that the records do not reflect his "true condition." Actually the records show he has been treated for a variety of complaints.

The Magistrate Judge summarized Clark's testimony in the Report, and did not attempt to repeat it verbatim. The essence of his complaint and testimony is accurately reflected in the Report. Clark's claim on this point is without merit.

Clark says that the Magistrate Judge erred by accepting the statements made in the medical records. The Fifth Circuit has stated that medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). In this instance, the Magistrate Judge at no point considered the medical records to be more credible than Clark's testimony; in fact, these records are consistent with his testimony. The records cited by the Magistrate Judge show, as Clark says, that he had a bilateral hernia, which was reducible, and that Dr. Adams determined that the surgery was elective and that he would not be referred for it. None of these facts are in dispute.

Instead, Clark's objections make clear that the basis of his claim is his disagreement with Dr. Adams' assessment of his condition. He believes that his hernia requires surgery, and takes issue with her determination that it does not. Clark has not shown that Dr. Adams' exercise of her judgment in this regard amounted to deliberate indifference to his serious medical need. As a general rule, a prisoner's self-diagnosis alone will not support a medical conclusion. <u>Kayser v. Caspari</u>, 16 F.3d 280, 281 (8th Cir. 1994); <u>Aswegan v. Henry</u>, 49 F.3d 461, 465 (8th Cir. 1995). In this case, Clark has concluded that his hernia is sufficiently serious as to require non-elective surgery, and disagrees with Dr. Adams' determination to the contrary. As the Magistrate Judge said, such disagreement is not sufficient to rise to the level of a constitutional violation. *See also* <u>Stewart v. Murphy</u>, 174 F.3d 534, 534-38 (5th Cir. 1999). Clark's objections are without merit.

The Court conducted a careful *de novo* review of the Plaintiff's complaint and testimony, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. It is further

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

So **ORDERED** and **SIGNED** this **9** day of **May, 2006.**

_____
Ron Clark, United States District Judge